STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of }
 Bradford Oil Company, Inc. }          Docket No. 190-10-98 Vtec
}
}

Entry Order Regarding Expected Motions for Summary Judgment

Appellant appealed from a decision of the Planning Commission of the Town of Stowe, denying a revised site plan application discussed at a meeting on August 11, 1998. Appellant is represented by Christopher Dye, Esq.; the Town is represented by Steven F. Stitzel, Esq. In 1999 the parties had agreed to submit motions for summary judgment on Questions 1-5 and 7-10 of the questions in the Statement of Questions, and had extended the agreed schedule for such motions. Subsequently, Appellant withdrew Question 7 of the Statement of Questions. However, the parties have only in fact briefed a motion for summary judgment on Questions 2 and 3 of the Statement of Questions.

Question 2 of the Statement of Questions is whether the Town lawfully enacted the zoning regulations on February 9, 1998. Question 3 of the Statement of Questions is whether the Town lawfully readopted the zoning regulations on July 13, 1998.

It appears to the Court from reviewing the materials filed with the motions to date that the entire appeal is most likely to turn on Question 5, that is, whether the Planning Commission in its August 11, 1998 meeting should have reviewed the revisions as a new application or as an amendment to the plan approved in May. From the preliminary review, it appears to the Court that the only elements of the revised plan that went beyond the conditions in the May 26, 1998 approval, and therefore should have been reviewed anew by the Planning Commission, were the changed location of the underground gasoline tanks near the rear of the property, the alteration of one access from two-way to exit-only, and the widening of both remaining two-way curb cuts.

Accordingly, in order to make the most efficient progress in this matter, the parties

1

shall brief at least their expected Motion for Partial Summary Judgment on Question 5 of the Statement of Questions so that it is under advisement at the Court on or before September 1, 2000. The parties shall address whether Planning Commission was entitled to review only the above-listed alterations to the site plan under the site plan approval criteria, or to reopen issues addressed and concluded in the May 26, 1998 decision. The parties shall address whether Applicant had a vested right in the May 26, 1998 approved plan and whether Applicant had the right to build according to the approved plan if the Planning Commission failed to approve the amendments. The parties shall address whether Applicant had a vested right to have its amended site plan considered under whatever zoning regulations were in place when its original application was filed on May 6, 1998, and, if so, whether Question 3 of the Statement of Questions therefore becomes moot.

If the parties wish to have a conference with the Court prior to this briefing schedule, they should call and make arrangements as soon as possible, as Judge Wright will be unavailable from July 24 through August 15.

Done at Barre, Vermont, this 10th day of July, 2000.

_____
Merideth Wright
Environmental Judge